STATE OF MISSOURI, Respondent, v. WM. A. BOHN-
ENKAMP, Appellant.

St. Louis Court of Appeals, March 26, 1901.

1. **Dramshop-keeper:** MANUFACTURER OF WINES, WHO IS. One is a manufacturer of Catawba wine, according to the provision of section 8487, Revised Statutes, 1899, who takes the raw wine which is of a milky color and called Federwesser, and puts it through

State v. Bohnenkamp.

a process which clarifies and refines it, by adding an ingredient thereto, used for the purpose, extracted from the entrails of fishes.

2. ———: ———: SALE OF LIQUORS, WHAT IS UNLAWFUL. And the manufacturer, as above defined, is not guilty of selling liquor without a license as a dramshop-keeper who sells a gallon of Catawba so manufactured.

Appeal from St. Louis Court of Criminal Correction.—*Hon. Willis Clark,* Judge.

REVERSED.

*Henry B. Davis* for appellant.

(1) The Nelson Distilling Company, in whose employment defendant was engaged when he made the sale complained of, was a manufacturer under the laws of this State. A "Manufacturer" is defined by a statute of this State as follows: "Every person, company or corporation, who shall hold or purchase personal property for the purpose of adding to the value thereof by any process of manufacturing, refining, or by the combination of different materials, shall be held to be a manufacturer." R. S. 1899, sec. 8487; State v. West, 34 Mo. 424. (2) The testimony clearly brought the case within the provisions of the statute. The distilling company purchased and held the pure, original juice of the grape, which in that shape was called "federwesser," and added to it another ingredient imported from the Caspian Sea, and sometimes still others which converted the raw material into palatable and salable Catawba wine. By an artificial process it accomplished the same result in a short time, which might occur after leaving the original stuff in the barrels for a long time, involving a large expense and with the possibility that it might spoil.

No brief for respondent.

GOODE, J.—The defendant was convicted of selling a gallon of wine without having license as a dramshop-keeper. On the trial it was admitted he was an employee of the Nelson Distilling Company, and as such, having no dramshop license, sold a gallon of Catawba wine, which is an intoxicating liquor.

The defense was that his employer, the said distilling company, in whose behalf he made the sale, held a State manufacturer's license at the time and that said license authorized it as a manufacturer of Catawba wine to sell the same in quantities of not less than one gallon at the place where made, provided it did not permit the liquor to be drank on the premises.

The question to be determined is, was the Nelson Distilling Company a manufacturer of Catawba wine so as to be within the protection of section 3014, Revised Statutes 1899? The substance of said section is stated above. The president of the distilling company was the only witness, and the evidence is without conflict. He testified that his company bought the raw product, the juice of the Catawba grape, and added other ingredients to make it wine; to make the wine clear and palatable; to improve it. That it can not be sold until it is clarified and refined. The chief ingredient used for this purpose is extracted from the entrails of fishes. It is called "hausenblosen" and comes from the Caspian Sea—sometimes other stuff is put in to make it palatable and salable. The raw wine is of a milky color and is called "federwesser." It is sold in saloons at certain seasons as the product of the grape before it has been clarified. The process the company puts the raw wine through, makes it clear and palatable, refines and improves it. The Catawba wine sold by the defendant had been thus treated.

The usual significance of the word "manufacturer" need not be discussed. We have a statutory definition which must control the decision of this case: "Every person, company or corporation who shall hold or purchase personal property for

the purpose of adding to the value thereof by any process of manufacturing, refining or by the combination of different materials, shall be held to be a manufacturer for the purposes of the foregoing section." R. S. 1899, sec. 8487. The undisputed evidence shows that the defendant's employer's mode of preparing the Catawba wine which he was convicted of selling, brought it within the language of that definition. The raw wine was purchased, refined and its value enhanced by the combination of different materials. We may refer to the following cases as attaching a meaning to the word substantially equivalent to the one given by the statute. Murphy v. Arnson, 96 U. S. 134; Carlin v. Western Assurance Co., 57 Md. 526; Rex v. Wheeler, 2 B. & Ald. 349; Norris v. Commonwealth, 27 Pa. St. 496; City of New Orleans v. LeBlanc, 34 La. Ann. 597.

The judgment is reversed. All concur.